1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

LEROY R. WALLS, III,                          )
                                              )          Case No. 2:12-cv-01629-JCM-PAL
                              Plaintiff,       )
                                              )              **ORDER**
vs.                                           )
                                              )          (IFP App - Dkt. #1)
LAS VEGAS METROPOLITAN POLICE                 )
DEPARTMENT, et al.,                           )
                                              )
                              Defendants.      )
                                              )
_____ )

        Plaintiff Leroy R. Walls, III, is proceeding in this action pro se, has requested authority pursuant

to 28 U.S.C. § 1915 to proceed in forma pauperis, and submitted a Complaint (Dkt. #1).  This

proceeding was referred to this court by Local Rule IB 1-9.

**I.      In Forma Pauperis Application**

        Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees

and costs or give security for them.  Accordingly, the request to proceed in forma pauperis will be

granted pursuant to 28 U.S.C. § 1915(a).  The court will now review Plaintiff's complaint.

**II.     Screening the Complaint**

        Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a

complaint pursuant to § 1915(a).  Federal courts are given the authority dismiss a case if the action is

legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks

monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  When a

court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint

with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the

/ / /

deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions.  *Iqbal*, 129 S.Ct. at 1950.  Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice.  *Id.* at 1949.  Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed.  *Twombly,* 550 U.S. at 570.

###### A.   Factual Allegations.

Plaintiff's Complaint alleges that on September 18, 2011, around 3:00 a.m., Plaintiff was approached by several Las Vegas Metropolitan Police Department officers who were advised that a group of people, including Plaintiff, were smoking marijuana.   Plaintiff alleges there was a group of African-Americans in front of him who were smoking marijuana, but he was not with that group, although the police officers assumed he was because Plaintiff is also African-American.  Plaintiff contends the police officers used unnecessary force in effecting his arrest.  He alleges they pushed Plaintiff against the wall, handcuffed him, threw him down on the ground, and kicked him in the face.  They then placed in the back of the police car for an hour and a half.  After that, the police officers took Plaintiff to the "county jail," where Plaintiff was detained for more than twelve hours without "proper cause."  Complaint at 4:19.  Plaintiff went to Banner Hospital the following day, and he was treated for a minor concussion, facial contusions, and bruising.

/ / /

1    As an initial matter, it is unclear who Plaintiff is attempting to sue.  The caption of Plaintiff's
2    Complaint names Las Vegas Metropolitan Police Department ("LVMPD") and the Department of
3    General Counsel located on Sunrise Avenue in Las Vegas, Nevada.  This address is for an LVMPD
4    station.  The body of Plaintiff's Complaint, however, names Joseph Chronister as the Chief of Police
5    for the city of Las Vegas.  However, Mr. Chronister is the chief of police for the city of North Las
6    Vegas, a separate municipality from the city of Las Vegas.  The body of the Complaint also names the
7    city of Las Vegas itself, and twenty Doe Defendant LVMPD officers.  Plaintiff contends he does not
8    know the officers' names, and has therefore sued them as Doe Defendants.

9    As set forth below, Plaintiff may be able to state a claim upon which relief can be granted, but
10   he first needs to clarify certain information.  As an initial matter, Plaintiff must determine which police
11   department arrested him–that is, whether the arrest occurred in North Las Vegas or Las Vegas.  Plaintiff
12   refers to the police report regarding his arrest in his Complaint.  That document will name the police
13   department whose officers arrested Plaintiff.   Additionally, as set forth below, Plaintiff must name the
14   individual officers as Defendants in his section 1983 claims.  Doe defendants are routinely used as
15   stand-ins for real parties until discovery permits the intended defendants to be identified and added.  *See*
16   *Gillespie v. Civiletti*, 629 F.2d 637, 643 (9th Cir. 1980) (citing *Wiltsie v. California Dep't of*
17   *Corrections,* 406 F.2d 515, 518 (9th Cir. 1968)).  For these reasons, and for the reasons set forth below,
18   Plaintiff's Complaint will be dismissed with leave to amend.

19   **B.    Plaintiff's 1983 Claims.**

20   Plaintiff's Complaint attempts to state a claims pursuant to 42 U.S.C. § 1983.  In order to do so,
21   a plaintiff must allege that a right secured by the Constitution has been violated, and the deprivation
22   was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42 (1988) (citation
23   omitted).  States and state officers sued in their official capacity are not "persons" for the purposes of a
24   section 1983 action, and generally, they may not be sued under the statute.  *Will v. Mich. Dept. of State*
25   *Police*, 491 U.S. 58, 71 (1989).  Section 1983 does allow suits against state officers in their individual
26   capacities.  *Hafer v. Melo*, 502 U.S. 21, 26 (1991).

27   / / /

28   / / /

3

**1.      Claims Against Department of General Counsel.**

Plaintiff has named the Department of General Counsel for LVMPD in the caption of the Complaint.  However, the body of the Complaint contains no factual allegations against this Defendant. A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007).  Plaintiff has not set forth a short and plain statement of his claims against this Defendant, and these claims will be dismissed with leave to amend.

**2.      Claims Against Chief of Police & City of Las Vegas.**

Plaintiff attempts to state claims against Joseph Chronister and the City of Las Vegas (together, the "Municipal Defendants").  Neither of the Municipal Defendants are named in the caption of Plaintiff's Complaint, but are listed as Defendants in the body of the Complaint.  Plaintiff alleges that the Municipal Defendants failed to adequately train and supervise the officers who arrested Plaintiff on September 18, 2011.  He claims the failure to train amounted to deliberate indifference to Plaintiff's constitutional rights.

Municipal government officials are persons for purposes of § 1983. *Monell v. Dept. of Soc. Serv. of City of N.Y.*, 436 U.S. 658, 691 n.55 (1978).  Municipal officers may be sued in their official capacities, but the plaintiff must prove that any constitutional violations occurred as a result of an official policy or custom or from a failure to train municipal employees adequately.  *Id.* at 690; *City of Canton v. Harris*, 489 U.S. 378, 388-91 (1989).  Here, Plaintiff contends that the Municipal Defendants have "established or delegated to [the Officer Defendants] the responsibility for establishing and implementing policies, practices, procedures, and customs used by law enforcement officers employed by the City of Las Vegas regarding arrests and the use of force."  Complaint at ¶ 8.  Additionally, the Municipal Defendants failed to adequately supervise the Defendants.[1]  Complaint at ¶ 25.

A municipality or municipal officer sued in his or her official capacity may be liable in a 1983 suit where a plaintiff demonstrates the alleged constitutional violation was caused by a failure to

---

[1]Plaintiff does not specify which Defendants the Municipal Defendants failed to supervise. Presumably, he is referring to the officer Doe Defendants who arrested him on September 18, 2011.

1    adequately train municipal employees.  *See City of Canton v. Harris,* 489 U.S. 378, 388-91 (1989);

2    *Price v. Sery,* 513 F.3d 962, 973 (9th Cir. 2008).  The inadequacy of the training policy may only serve

3    as the basis for 1983 liability "where it amounts to deliberate indifference to the rights of the person

4    with whom the police came into contact." *Id.* at 390.  Deliberate indifference occurs when the need for

5    more or different action "is so obvious, and the inadequacy [of the current procedure] so likely to result

6    in the violation of constitutional rights, that the policymakers . . . can reasonably said to have been

7    deliberately indifferent to the need." *Id.*  Plaintiff's conclusory allegations do not state a municipal

8    liability claim on which relief may be granted.  *See Iqbal,* 129 S.Ct. at 1949 (mere recitals of the

9    elements of a cause of action, supported only by conclusory allegations, do not suffice).  Plaintiff's

10   claims against the Municipal Defendants will be dismissed with leave to amend.

11         Additionally, with respect to Plaintiff's claim against Defendant Chronister, as stated above,

12   Joseph Chronister is not the chief of police for the city of Las Vegas.  He is the chief of police for the

13   city of North Las Vegas.  Furthermore, it is not clear whether Plaintiff is attempting to state an official

14   or individual capacity claim.  Any official capacity claim is legally duplicative of Plaintiff's against the

15   city of Las Vegas, which, has been dismissed with leave to amend.  *See McRorie v. Shimoda,* 795 F.2d

16   780, 784 (9th Cir. 1986), *cert. denied,* 480 U.S. 916 (1987) (internal citations omitted) (a suit against a

17   governmental officer in his official capacity is equivalent to a suit against the government entity itself).

18   Furthermore, Plaintiff has not stated a claim against Defendant Chronister in his individual capacity

19   either because he has not alleged any personal involvement of Defendant Chronister.  *See Kentucky v.

20   Graham,* 473 U.S. 159, 165 (1985) (liability in individual capacity suit premised on showing official

21   caused constitutional injury).  For all of these reasons, Plaintiff's claims against Defendant Chronister

22   will also be dismissed with leave to amend.

23         **2.    Fourth Amendment Excessive Force Claim.**

24         The United States Supreme Court has found that "[w]here the excessive force claim arises in the

25   context of an arrest or investigatory stop of a free citizen, it is most properly characterized as one

26   invoking the protections of the Fourth Amendment" against unreasonable search and seizure by use of

27   excessive force. *Graham*, 490 U.S. at 394; *Davis v. City of Las Vegas,* 478 F.3d 1048, 1054 (9th Cir.

28   2007) (citing *Smith v. City of Hemet,* 394 F.3d 689, 700 (9th Cir. 2005).  In *Graham,* the Court held that

5

1    all claims that law enforcement used excessive force in the course of an arrest, investigatory detention,

2    or other seizure of a free citizen should be analyzed under the Fourth Amendment and its

3    reasonableness standard.  490 U.S. at 395; *Espinosa v. City and County of San Francisco,* 598 F.3d

4    528, 537 (9th Cir. 2010), *cert. denied,* – U.S. –, 132 S.Ct. 1081 (2012).

5         Determining whether the force used to effect the arrest is "reasonable" under the Fourth

6    Amendment requires balancing "the nature and quality of the intrusion on the individual's Fourth

7    Amendment interests" against the countervailing governmental interests at stake.  *Id*. at 396 (citing

8    *United States v. Place*, 462 U.S. 696, 703 (1983)); *Davis,* 478 F.3d at 1054.  The Ninth Circuit has held

9    that because of the "careful balancing" required to determine whether excessive force was used,

10   "summary judgment or judgment as a matter of law in excessive force cases should be granted

11   sparingly."  *See Drummond ex rel. Drummond v. City of Anaheim,* 343 F.3d 1052, 1056 (9th Cir. 2003)

12   (citing *Santos v. Gates,* 287 F.3d 846, 853 (9th Cir. 2002)) (noting that "such balancing nearly always

13   requires a jury to sift through disputed factual contentions, and to draw inferences therefrom. . . .

14   [P]olice misconduct cases almost always turn on a jury's credibility determinations").

15        The court must first assess the amount of force used in arresting Plaintiff by considering "the

16   type and amount of force inflicted."  Plaintiff asserts that the LVMPD Doe Defendants arrested him at

17   gun point and yelled commands at him.  In *Espinosa,* the Ninth Circuit held that pointing a loaded gun

18   at a suspect–i.e., employing the threat of deadly force–is a high level of force.  598 F.3d at 537.

19   Moreover, the Ninth Circuit has observed that police officers can be held liable under § 1983 for

20   pointing a gun at a suspect where the circumstances do not warrant such a use of force.  *Robinson v.*

21   *Solano County,* 218 F.3d 1030 (9th Cir. 2000), *as amended* (Sept. 19, 2000), *reh'g en banc and opinion*

22   *vacated on other grounds by* 229 F.3d 931 (9th Cir. 2000), *reh'g en banc,* 278 F.3d 1007 (9th Cir.

23   2002).

24        In determining whether the force used was excessive, the court balances the force that was used

25   against the need for that force.  *Drummond*, 343 F.3d at 1052 (citing *Headwaters Forest Defense v.*

26   *County of Humboldt*, 276 F.3d 1125, 1130 (9th Cir. 2002)) (stating "it is the need for force which is at

27   the heart of the *Graham* factors").  In *Graham*, the Supreme Court specified that the government

28   interest in effecting an arrest must be "examined in light of the severity of the crime at issue, whether

6

the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." 490 U.S. at 396. The Court also recognized that the "right to make an arrest . . . necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Graham,* 490 U.S. at 396. Reasonableness must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight, and "[n]ot every push or shove, even if it may later seems unnecessary in the peace of a judge's chambers" violates the Fourth Amendment. *Id.* (citing *Johnson v. Glick,* 481 F.2d 1028, 1033 (2nd Cir. 1973)); *see also Blankenhorn v. City of Orange,* 485 F.3d 463, 477 (9th Cir. 2007). "The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments–in circumstances that are tense, uncertain, and rapidly evolving–about the amount of force that is necessary in a particular situation." *Graham,* 490 U.S. at 396-97.

Here, Plaintiff asserts he was arrested for smoking marijuana, a non-violent misdemeanor under Nevada law, and officers used excessive force in arresting him by throwing him on the ground and kicking him in the head. Accepting Plaintiff's allegations as true, he may be able to state a claim for excessive use of force. However, liability under § 1983 arises only upon a showing of personal participation by a defendant. *Taylor,* 880 F.2d at 1045. Here, Plaintiff asserts "Defendants" engaged in the conduct described in the Complaint, but he does not allege any specific conduct by any particular Defendant. Plaintiff must allege the individual conduct of each Defendant. Plaintiff refers to the police report prepared in his criminal case. This report should identify the arresting officers. Plaintiff's claims for excessive use of force will be dismissed with leave to amend. Should Plaintiff choose to amend the complaint, he must explain what each of the LVMPD officer Defendants did to cause a constitutional violation. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Rizzo,* 423 U.S. 362 (1976); *Taylor,* 880 F.2d at 1045; *Leer,* 844 F.2d at 634; *May,* 633 F.2d at 167; *Johnson,* 588 F.2d at 743.

### 3.    Fourth Amendment Unlawful Detention/Arrest.

The Fourth Amendment of the Constitution, applicable to the States through the Fourteenth Amendment, prohibits arrests without probable cause. *Beck v. Ohio,* 379 U.S. 89, 90-91 (1964). A

claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was made without probable cause or other justification. *Dubner,* 266 F.3d at 965.  Although Plaintiff bears the ultimate burden of proof on the issue of probable cause, he can state a claim by alleging that he was arrested without a warrant, as he has here. *Id.*  However, as set forth above, Plaintiff must allege the individual conduct of each Defendant.  Therefore, Plaintiff's claims for excessive use of force will be dismissed with leave to amend.  Should Plaintiff choose to amend the complaint, he must explain what each of the LVMPD officer Defendants did to cause a constitutional violation.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Rizzo,* 423 U.S. 362 (1976); *Taylor,* 880 F.2d at 1045; *Leer,* 844 F.2d at 634; *May,* 633 F.2d at 167; *Johnson,* 588 F.2d at 743.  Accordingly, Plaintiff unlawful arrest claim will be dismissed with leave to amend.

### 4.    Plaintiff's Fourteenth Amendment Due Process Claim.

Plaintiff's Complaint states that his Fourteenth Amendment due process rights to liberty and property were violated by Defendants.  However, he has not made any factual allegations to support this claim, or set forth any specific allegations regarding any particular Defendant.  This claim will therefore be dismissed with leave to amend.

### C.    Plaintiff's State Law Claims.

Under the doctrine of supplemental jurisdiction, previously pendent jurisdiction, a federal court may hear state claims that are part of the "same case or controversy" as a claim arising under federal law.  28 U.S.C. § 1367(a).  This court has supplemental jurisdiction over Plaintiff's state law claims because they arise from the same "nucleus of operative fact" – Plaintiff's arrest and detention – as his federal claims. *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966).

### 1.    Assault.

Plaintiff attempts to state a claim for assault under NRS 200.471, a criminal statute.  This statute does not contain any private right of action, and it may only be enforced by the government.  Plaintiff is not permitted to act as a private attorney general and prosecute Defendants under this statute.  However, Plaintiff may attempt to state a civil claim for assault.  In order to do so under Nevada law, a plaintiff must allege that a defendant: (1) intended to cause harmful or offensive physical contact or an imminent

apprehension of such a contact; and (2) the victim was put in apprehension of such a contact.  *See*

*Sandoval v. Las Vegas Metropolitan Police Dept.,* 854 F. Supp. 2d 860, 882 (D. Nev. 2012) (citing

Restatement (Second) of Torts § 21 (1965)) (applying Nevada law).  In the context of an arrest, contact

may only constitute an assault if the officer used unreasonable force in effecting the arrest.  *Id.* (citing

*Yada v. Simpson*, 913 P.2d 1261, 1262-63 (Nev. 1996), *superceded by statute on other grounds as set*

*forth in RTTC Communications, LLC v. Saratoga Flier, Inc.,* 110 P.3d 24, 29 (Nev. 2005)).  Here,

Plaintiff has not alleged the essential elements of an assault claim under Nevada law, and this claim will

be dismissed with leave to amend.

### 2.    Intentional Infliction of Emotional Distress.

Plaintiff also alleges the state law tort of intentional infliction of emotional distress ("IIED")

against the Defendants.  These claims arise under state law.  Under the doctrine of supplemental

jurisdiction, previously called pendent jurisdiction, a federal court may hear state claims that are part of

the "same case or controversy" as a claim arising under federal law.  28 U.S.C. § 1367(a).  This court

has supplemental jurisdiction over Plaintiff's state law IIED claim because it arises from the same

"nucleus of operative fact"–Plaintiff's arrest and prosecution–as his valid federal claim for unlawful

arrest.  *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966).  Nevada law recognizes IIED, and in

order to state a claim, a plaintiff must allege: "(1) extreme and outrageous conduct with either the

intention of, or reckless disregard for, causing emotional distress, (2) the plaintiff's having suffered

severe or extreme emotional distress and (3) actual or proximate causation." *Star v. Rabello*, 625 P.2d

90, 91-92 (Nev. 1981).  Extreme and outrageous conduct is that "which is outside all possible bounds of

decency and is regarded as utterly intolerable in a civilized society."  *Welder v. University of Southern*

*Nevada,* 833 F.Supp.2d 1240, 1245 (D. Nev. 2011) (applying Nevada law).

Plaintiff has not stated an IIED claim.  He has not alleged any facts to show the Defendants

engaged in extreme and outrageous conduct or that they did so intentionally or with reckless disregard

to causing Plaintiff emotional distress.  He has not alleged that he suffers severe or extreme emotional

distress or asserted any facts to support that claim.  *See Jordan v. State ex rel. Dept. of Motor Vehicles*

*and Public Safety,* 110 P.3d 30, 52 (Nev. 2005), *abrogated on other grounds by Buzz Stew, LLC v. City*

/ / /

*of N. Las Vegas,* 181 P.3d 670, 672 n.6 (Nev. 2005).  Accordingly, Plaintiff's IIED claims will be dismissed with leave to amend.

       **D.**    **Plaintiff's Title VII Claim.**

Plaintiff alleges that Defendants violated Title VII and discriminated against Plaintiff because he is African-American.  Title VII, codified at 42 U.S.C. §§ 2000e et seq. allows a person to sue his or her employer for discrimination on the basis of race, color, religion, gender or national origin if he has exhausted both state and Equal Employment Opportunity Commission administrative procedures. Plaintiff does not allege he was employed by any of the Defendants.  Accordingly, this claim will be dismissed with leave to amend.

If Plaintiff elects to proceed in this action by filing an amended complaint, he is advised that he should specifically identify each Defendant to the best of his ability, clarify what constitutional right he believes each Defendant has violated and support each claim with factual allegations about each Defendant's actions.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Rizzo,* 423 U.S. 362 (1976); *Taylor,* 880 F.2d at 1045; *Leer,* 844 F.2d at 634; *May,* 633 F.2d at 167; *Johnson,* 588 F.2d at 743.  Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly.  *See Swierkeiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); Fed.R.Civ.P. 8.

Plaintiff is informed that the court cannot refer to a prior pleading in order to make the amended complaint complete. Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

Based upon the foregoing,

**IT IS ORDERED**:

1.    Plaintiff's request to proceed in forma pauperis is GRANTED.  Plaintiff shall not be required to pay the filing fee of three hundred fifty dollars.

2.   Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor.  This Order granting leave to proceed in forma pauperis shall not extend to the issuance of subpoenas at government expense.

3.   The Clerk of the Court shall file the Complaint.

4.   Plaintiff's Complaint is DISMISSED with leave to amend.

5.   Plaintiff shall have until **April 19, 2013,** to file his amended complaint, if he believes he can correct the noted deficiencies.  The amended complaint must be a complete document in and of itself, and will supersede the original complaint in its entirety.  Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the court.

6.   Plaintiff shall clearly title the amended complaint as such by placing the words "FIRST AMENDED COMPLAINT" on page 1 in the caption, and Plaintiff shall place the case number, **2:12-cv-01629-JCM-PAL**, above the words "FIRST AMENDED" in the space for "Case No."

7.   Plaintiff is expressly cautioned that if he does not timely file an amended complaint in compliance with this order, this case may be immediately dismissed.

Dated this 19th day of March, 2013.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

11